# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ORRILL, CORDELL & BEARY, LLC. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-4995 |
| GARY BARKLEY ROTH and JOHN S. LAWRENCE, JR. | SECTION: "C" (2) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand (Rec. Doc. 9). Defendants, who removed this matter to federal court, oppose. (Rec. Doc. 29.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda of parties, the record in this case and the applicable law, the Court GRANTS plaintiff's Motion to Remand for the following reasons.

## I. BACKGROUND

Plaintiff, a Louisiana-incorporated law firm, filed suit in state court alleging breach of contract and unjust enrichment by defendants. (Rec. Doc. 1) Defendant Gary Roth is a resident of California. (Id.) Defendant John Lawrence is a resident of Louisiana. (Id.) Defendants removed the matter to this Court and alleged that defendant Lawrence was improperly joined to defeat federal jurisdiction and that this matter was therefore appropriate for removal. (Id.)

## II. LAW AND ANALYSIS

The party invoking jurisdiction has the burden "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegations." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983). The Court is mindful that the removal statutes are to be strictly construed against removal. *See Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc., 792 F.2d 478, 482* (5th Cir. 1986). Consequently, when subject matter is doubtful, remand is appropriate. 14B C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3d § 3739.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See* 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states. *See* 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, complete diversity must exist, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Gurtler v. Northwestern Mutual Insurance* Co., Civil Action No. 08-818, 2008 WL 2277847, at * 1 (E.D. La. May 29, 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

The standard for determining when a defendant has been improperly joined is well established in the Fifth Circuit. "[W]e have recognized two ways to establish improper joinder:

2

(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(emphasis added, internal footnotes omitted. "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573.

A minimal piercing of the pleadings may be undertaken; but courts "caution that a summary [judgment] inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood,* 385 F.3d. at 574. "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* Ultimately, any ambiguities in the pleadings are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002). Because the improper joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating improper joinder is a heavy one. *Smallwood*, 385 F.3d at 574.

Defendants first claim that plaintiff fraudulently pleaded facts to support its claim against John Lawrence, thereby destroying complete diversity of the parties. The alleged fraudulent misrepresentations are: 1) that defendant Roth was an "employee;" 2) that Roth was paid a "salary;" 3) that plaintiff was entitled to receive the "entire fee in every case worked by Roth;" and 4) that the "transfer of cases from Roth to Lawrence was 'unknown' to the firm."[1] (Rec. Doc. 29 at 8-14.) The alleged fraud must be at least proximately related to the basis for

---

[1] The defendants cite additional alleged "lies," but these are mainly secondary arguments supporting the four primary arguments above. The Court also suggests that the defendants in the future tone down their unduly hyperbolic rhetoric.

jurisdiction, in this case the diversity of parties and the amount in controversy. *See Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp. 2d 901, 907 (W.D.Tex. 2005)(finding actual fraud by plaintiffs where they had shown no intent to secure judgment against non-diverse defendant until removal and where plaintiffs appointed a temporary, non-diverse administrator to defendant Estate.) While defendants have identified several contested issues of fact, defendants have failed to establish "actual fraud" in the pleading of jurisdictional facts. Defendants may disagree with how plaintiff has characterized its case, however, none of the alleged misrepresentations amount to "actual fraud."

Defendant has also argued that Lawrence was improperly joined because no possibility of recovery exists against him in state court. The Fifth Circuit has held that

> the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that <u>there is no reasonable basis</u> for the district court to predict that the plaintiff <u>might</u> be able to recover against an in-state defendant.
> . . .
> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Smallwood*, 385 F.3d at 573 (emphasis added, internal footnotes omitted.) Defendants argue that plaintiff's alleged misrepresentations are also relevant because by proving these contested facts, defendants would also prove that plaintiff has no reasonable possibility of recovery against defendant Lawrence. This Court must constrain its review to its jurisdiction and not the merits of the matter. As such, this Court must examine whether any reasonable basis exists to conclude that defendant Lawrence could be held liable under plaintiff's theory of the case.

Plaintiff has alleged that Lawrence has been unjustly enriched at defendant's expense. The five requirements for establishing a claim of unjust enrichment under Louisiana law are: (1)

4

an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and, (5) no other remedy at law available to the plaintiff. *Finova Capital Corp. v. IT Corp.*, No. 33,994, 774 So.2d 1129, 1132 (La App. 2 Cir. 12/15/00). Plaintiff's Petition for Damages clearly alleges a prima facie case of unjust enrichment against Lawrence. At most, defendants challenge the fourth element, but again, whether or not cause exists is a contested issue of fact more appropriately resolved on the merits. As plaintiff's challenge would survive a 12(b)(6) motion, it is sufficient to defeat defendants' claim of improper joinder.

### III. CONCLUSION

The Court finds that defendants have failed to carry their burden to establish improper joinder of non-diverse defendant John Lawrence and as a result, the parties are not completely diverse. As such, this Court does not have jurisdiction over the matter and it must be remanded to the Civil District Court in Orleans Parish.

Accordingly,

**IT IS ORDERED that plaintiff's Motion to Remand (Rec. Doc. 9) is hereby GRANTED and the matter is REMANDED to the Civil District Court in Orleans Parish for lack of jurisdiction under 28 U.S.C. §1447 (c).**

New Orleans, Louisiana, this 2nd day of June, 2009.

_____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**

5